## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**JIMMY RAY MILLS**                                   **CIVIL ACTION NO. 21-3915**

                                                      **SECTION P**

**VS.**

                                                      **JUDGE TERRY A. DOUGHTY**

**KENNEDY RICE MILL, LLC, ET AL.**          **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Jimmy Ray Mills, a prisoner at East Baton Rouge Parish Prison proceeding pro se and in forma pauperis, filed this proceeding on approximately November 8, 2021, under 42 U.S.C. § 1983. He names the following defendants: Kennedy Rice Mill, LLC, Matt Fowler, and Brent.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff alleges that he was not allowed to purchase religious material through Amazon Books, which violated his right to practice his religion. [doc. # 1, p. 3]. He adds that the religious material he wanted was not a threat to security because he intended to purchase it through a well-known publisher and corporation. *Id.*

Plaintiff also claims that on November 4, 2021, Matt Fowler and Brent fired him from his job at Kennedy Rice Mills, LLC, "for no reason." *Id.* at 5. He states that Fowler and Brent fired him because he asked for cough medicine when "Mrs. April and Mrs. Granny" asked him what he wanted to eat for Thanksgiving. *Id.* Plaintiff maintains that he was only socializing with others and that socializing was not against the employer's policy. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks compensation for lost wages, depression, and "mental/physical [sic]." *Id.* at 4.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Religious Material**

Plaintiff claims that he was not allowed to purchase religious material through Amazon Books, which violated his right to practice his religion. [doc. # 1, p. 3].

The Court should dismiss this claim because Plaintiff does not identify a responsible defendant. The undersigned specifically instructed Plaintiff to provide the name of each defendant and a separate description of what, exactly, each defendant did to violate his rights. [doc. # 9, p. 2]. Plaintiff did not identify a defendant responsible for this claim, and he did not mention the claim again in his amended pleading. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[3]

---

[3] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

### 3. Wrongful Discharge

Plaintiff claims that on November 4, 2021, Matt Fowler and Brent fired him from his job at Kenney Rice Mills, LLC, "for no reason."

Under Louisiana law, when a person is employed for an indefinite period of time, he is considered an employee at-will. *Gilbert v. Tulane Univ.*, 909 F.2d 124, 125 (5th Cir. 1990). "There is a presumption that employment is at will, and the party relying on an alleged contract of employment for a fixed term bears 'the burden of proving that there was a meeting of the minds on the length of time of employment.'" *Krielow v. R & H Supply, Inc.*, 2013-217 (La. App. 3 Cir. 10/9/13) (*quoting  Reyes-Silva v. Drillchem Drilling Solutions, LLC.*, 10–1017, p. 8 (La. App. 3 Cir. 2/2/11), 56 So. 3d 1173, 1178).  "In the case of ambiguity as to the nature of the employment, Louisiana courts have construed in favor of at-will employment." *Stewart v. Courtyard Mgmt. Corp.*, 155 F. App'x 756, 758 (5th Cir. 2005) (*citing Thorns v. Monroe City Sch. Bd.,* 542 So. 2d 490, 492 (La. 1989)).

"Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge." *Robinson v. Healthworks Int'l., L.L.C.,* 36,802, 837 So. 2d 714, 721 (La. App. 2 Cir. 1/29/03).  "[T]he reasons for termination need not be accurate, fair or reasonable." *Loya v. Lucas*, 2016-0321, 201 So. 3d 928 (La. App. 4 Cir. 9/21/16).  "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing." LA. CIV. CODE art. 2747.

That said, the right of an employer to dismiss an employee at any time and for any reason is "tempered by numerous federal and state laws which proscribe certain reasons for dismissal of an at-will employee." *Quebedeaux v. Dow Chem. Co.*, 2001-2297, 820 So. 2d 542, 545 (La.

6/21/02).  "For instance, an employee cannot be terminated because of his race, sex, or religious beliefs.  Moreover, various state statutes prevent employers from discharging an employee for exercising certain statutory rights, such as the right to present workers' compensation claims."  *Id.* (internal footnotes omitted).  "Aside from the federal and state statutory exceptions, there are no '[b]road policy considerations creating exceptions to employment at will and affecting relations between employer and employee.'"  *Id.* (*quoting Gil v. Metal Service Corp.*, 412 So. 2d 706, 708 (La. App. 4th Cir. 1982).

"Accordingly, provided that the termination does not violate any statutory or constitutional provisions, employers will not be held liable."  *Id.* (*citing Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (La. App. 5th Cir. 1996)).

Here, Plaintiff does not allege that he was employed under a contract for a fixed term or that he agreed to a specific period of employment.  Consequently, Plaintiff was an at-will employee who could be dismissed at any time for any or no reason.

Plaintiff does not allege any facts plausibly indicating that his former employers violated any pertinent statutory or constitutional provisions.[4]  Accordingly, Plaintiff does not present a plausible cause of action.[5]

---

[4] Plaintiff cites LA. CONST. art. I, § 12, which provides: "In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition."  [doc. # 1, p. 5].  This article is inapposite: Plaintiff does not allege that he was denied access to public areas, accommodations, or facilities.  *See Williams v. Chrysler Fin. Corp.*, 1999 WL 52145, at *2 (E.D. La. Jan. 28, 1999).

[5] *See Stewart*, 155 Fed. App's at 758; *Tucker v. Unitech Training Acad., Inc.*, 783 F. App'x 397, 400 (5th Cir. 2019) (finding that an employee's termination was not wrongful because the employee did not have a written contract of employment, did not agree to a specific period of employment, and the termination did not violate federal or state law); *Gilbert v. Tulane Univ. (The Administrators of the Tulane Educ. Fund)*, 909 F.2d 124, 126 (5th Cir. 1990) ("Since

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Jimmy Ray Mills' claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of May, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

Gilbert alleged no statutory or constitutional violation, he has no claim for wrongful discharge . . . .").